UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN HERRICK PERRY,

    Petitioner,

v.    Case No. 3:05-cv-34-J-20MMH

STATE OF FLORIDA, et al.,

    Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner John Herrick Perry initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on January 10, 2005.[1] Petitioner filed an Amended Petition (Doc. #5) on January 24, 2005. Petitioner challenges a 2003 state court (St. Johns County, Florida) judgment of conviction for four counts of burglary of a dwelling on the following ground: Petitioner received an illegal sentence.

---

[1] The Petition (Doc. #1) was filed in this Court on January 10, 2005; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to this Court (January 6, 2005). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection, and this Court agrees for the reasons stated below. See Respondents' Response to Petition (Doc. #7). In support of their contentions, they submitted exhibits.[2] Petitioner was given admonitions and a time-frame to respond to the Response. See Court's Order to Show Cause and Notice to Petitioner (Doc. #6). Petitioner has replied. See Petitioner's Traverse to Respondents' Response (Doc. #10).

Petitioner John Herrick Perry was charged in St. Johns County, Florida, with burglary of a dwelling while armed with a firearm (Case No. CF02-1325); burglary of a dwelling (Case No. CF02-1326); burglary of a dwelling while armed with a firearm (Case No. CF02-1327); and, burglary of a dwelling (Case No. CF02-1328). Ex. A at 16, 41, 64, 86. Petitioner entered pleas of nolo contendere to four counts of burglary of a dwelling and was adjudicated guilty and sentenced on March 12, 2003, to fifteen (15) years of imprisonment on each count, to be served concurrently. Id. at 106-16; see http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).[3] Petitioner did not take a direct appeal.

---

[2] Respondents submitted exhibits in support of their Response to Petition (Doc. #7). See Appendix (Doc. #9). This Court will hereinafter refer to these exhibits as "Ex."

[3] The website reflects that his current estimated release date is October 17, 2016.

3

Petitioner's conviction became final on April 11, 2003. This was after the April 24, 1996, effective date of the AEDPA. Therefore, he had one year from the date his case became final to file his federal petition. Petitioner's time began to run on the date that his opportunity for seeking a direct appeal ended, which was thirty days after the entry of his judgment and sentence. See Fla. R. App. P. 9.140. Therefore, the one-year period of limitation period began to run on April 12, 2003. His Petition, filed in this Court on January 6, 2005, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year limitation period ran for **nineteen (19) days** until May 1, 2003, when Petitioner, through counsel, filed a Motion to Modify or Reduce Sentence, which was denied on July 10, 2003. Ex. A at 117-18, 120. Petitioner did not appeal the denial of the motion.

On May 27, 2004, Petitioner filed a Petition/Motion for Documents, requesting that the circuit court enter an order directing the clerk to provide him with certain documents so that he could prepare a Florida Rule of Criminal Procedure 3.850 Motion for Post Conviction Relief. Id. at 121-23. On June 14, 2004, the trial court denied the Petition/Motion, and Petitioner appealed to the appellate court. Id. at 125-26, 127-28. On November 30, 2004,

4

the appellate court per curiam affirmed the trial court's denial. Ex. E. This motion did not toll the one-year limitation period.

The one-year limitation period ran for **over one year** (July 10, 2003, until July 22, 2004) when Petitioner, on July 22, 2004, filed a Florida Rule of Criminal Procedure 3.800 Motion to Correct an Illegal Sentence, arguing that his sentence was a departure outside of the sentencing guidelines. Ex. H. The trial court denied the motion on July 29, 2004, and Petitioner appealed. Ex. I; Ex. J. The appellate court per curiam affirmed on September 9, 2004, and the mandate issued on September 28, 2004. Ex. L; Ex. M. If a post-conviction motion is filed after the expiration of the federal limitations period, it cannot toll the period because there is no period left.[4]

On January 6, 2005, Petitioner filed his Petition in this Court. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner has not shown any justifiable reason why the dictates of the one-year limitation

---

[4] "Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000). Thus, Petitioner's motion did not toll the one-year federal limitation period. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a Florida state prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment on his robbery conviction became final, did not toll the one-year limitation period to file a federal habeas petition because the motion was filed four months after the federal habeas limitation period had expired), cert. denied, 534 U.S. 1144 (2002).

period should not be imposed upon him.  Accordingly, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.  Respondents' Response to Petition (Doc. #7), in which they request the dismissal of the Petition, is **GRANTED**, and the Amended Petition (Doc. #5) is hereby **DISMISSED** with prejudice.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _5th_ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 5/4
c:
John Herrick Perry
Assistant Attorney General (Compton)